# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 237 | **DATE** | 1/19/2012 |
| **CASE TITLE** | Magistrelli vs. Gilberts Municipality, et al. | | |

**DOCKET ENTRY TEXT**

Because this Court lacks subject matter jurisdiction over Plaintiff's case, her complaint is dismissed without prejudice and her case is dismissed. While the Court's decision is without prejudice on the merits, the Court again warns Plaintiff that its order "is conclusive on the jurisdictional question: the plaintiff cannot re-file in federal court." *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004). Plaintiff's application for leave to proceed *in forma pauperis* [4] and motion for appointment of counsel [5] are denied as moot. Any other motions Plaintiff has purported to file in this case are also denied as moot. Plaintiff's case is terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court is Plaintiff Karol Magistrelli's application for leave to proceed *in forma pauperis* [4] and motion for appointment of counsel [5]. The federal *in forma pauperis* statute is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to pursue a case in federal court without fees and costs provided that the litigant submits an affidavit which asserts an inability "to pay such costs or give security therefore," 28 U.S.C. § 1915(a)(1), so long as the action is neither frivolous nor malicious, states a claim upon which relief may be granted, and does not seek monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

The first duty the Court has in every lawsuit is to ensure the existence of subject-matter jurisdiction. See *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005). To proceed in federal court, Plaintiff must demonstrate some basis for original jurisdiction – either diversity jurisdiction or federal question jurisdiction. Plaintiff does not allege any basis for diversity jurisdiction, which requires that Plaintiff and all Defendants be citizens of different states. Instead, Plaintiff purports to bring claims against Defendants that fall into three categories: (1) claims under 42 U.S.C. § 1983; (2) claims alleging that Defendants violated state law; and (3) claims alleging that Defendants violated federal criminal law.

First, as the Court pointed out in its previous rulings against Plaintiff in Case No. 11 C 6831, Plaintiff's claims that Defendants violated sections of Title 18 of the United States Code are not a basis for subject matter jurisdiction here. "[P]rivate citizens may not file lawsuits under Title 18 of the United States Code," which contains "criminal statutes that may be enforced by the United States and its attorneys only." *Kerr v. Madden*, 2008 WL 2828724, at *1 (W.D. Wis. Apr. 2, 2008) (citing *Maine v. Taylor*, 477 U.S. 131, 136 (1986)); see also *Nelson v. Chertoff*, 2008 WL 4211577, at *4 (N.D. Ill. Sept. 10, 2008) ("It is well settled that criminal statutes generally do not provide for private civil causes of action"). Second, although 42 U.S.C. § 1983 provides a civil action, to state a claim under § 1983, Plaintiff must allege a deprivation of a specific federal right. *Trautvetter*

**STATEMENT**

*v. Quick*, 916 F.2d 1140, 1148 (7th Cir. 1990). Plaintiff has not done so here. Finally, without any federal claims properly before the Court, it declines to retain jurisdiction over her state law claims. See *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999) (stating that "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial").

Because this Court lacks subject matter jurisdiction over Plaintiff's case, her complaint is dismissed without prejudice and her case is dismissed. While the Court's decision is without prejudice on the merits, the Court again warns Plaintiff that its order "is conclusive on the jurisdictional question: the plaintiff cannot re-file in federal court." *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004). Plaintiff's application for leave to proceed *in forma pauperis* [4] and motion for appointment of counsel [5] are denied as moot. Any other motions Plaintiff has purported to file in this case are also denied as moot. Plaintiff's case is terminated.